## ATTACHMENT B

### Items to be Seized

**I. Items to be Seized**

1. The items to be seized from the Premises, Person, and Vehicle of the SUBJECT are evidence, contraband, fruits, or instrumentalities of violations of 10 U.S.C. § 18 USC 1030(a)(5), Damage to a Protected Computer, to include:

    a. Items of personal property which tend to identify the person in residence, occupancy, control or ownership of the premises that is the subject of this warrant, including but not limited to cancelled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.

    b. Computers or storage media reasonably believed to be used to commit the violations described above located in SUBJECT's private dwelling areas or common areas of the PREMISES.

    c. For any computer or storage medium whose seizure is otherwise authorized by this search and seizure authorization, and any computer or storage medium that reasonably contains or in which is stored records or information that is otherwise called for by this search and seizure authorization (hereinafter, "COMPUTER"):

        (1). evidence of who used, owned, or controlled the COMPUTER at the time the things described in this search and seizure authorization were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

        (2). Records and information relating to access to iRacing;

30

(3). Records and information related to the identity or location of the person who utilized the IP addresses 174.172.111.93, 24.126.14.103, 24.126.14.35, 24.126.15.246, and 24.126.14.155 (SUBJECT IPs);

(4). SSH, FTP, or Telnet logs showing connections related to the SUBJECT IP, and any other transactional information, including records of session times and durations, log files, dates and times of connecting, methods of connecting, and ports;

(5). Records of and information about who used, owned, or controlled the SUBJECT IP at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

(6). Software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software; records of or information about such software; and evidence of the presence or absence of security software designed to detect malicious software;

(7). Counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT HARD DRIVE; and records of or information about such software;

(8). Records of or information about the times the COMPUTER was used;

(9). Records or information that might identify the persons leasing or operating the COMPUTER, including names, addresses, telephone numbers and other identifiers, e-mail addresses, business information, the length of service

31

(including start date), types of services utilized, means and source of payment for services (including any credit card or bank account number), and information about any domain name registration;

(10). Contextual information necessary to understand the evidence described in this attachment.

(11). Evidence of registration, ownership or access to the following accounts appleservicesselly@gmail.com, meciah1017@gmail.com, jacobreese217@outlook.com and iracing2701@outlook.com.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

4. With respect to the search of any digitally/electronically stored information provided to law enforcement by forensic analysis, the search procedure by law enforcement may include the

32

following techniques. The following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized:

    a. surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized;

    b. opening or reading portions of files to determine whether their contents fall within the items to be seized;

    c. scanning storage areas to discover data falling within the list of items to be seized, to possibly recover any such deleted data, and to search for and recover files falling within the list of items to be seized; and/or

    d. performing key word searches through all electronic storage areas to determine whether occurrence of language contained in such storage areas exist that are likely to appear in the evidence to be seized.

If after performing these procedures, the directories, files, or storage areas do not reveal evidence of the above listed crimes or other criminal activity, the further search of that particular directory, file, or storage area, shall cease.

    4. With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-

33

client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.